## No. 10,793.

### JOHN KLEIN & CO. vs. W. H. PIPES, STATE TREASURER.

1. When the General appropriation Act of 1886 became a law it constituted an appropriation of the general fund to the purposes mentioned therein to the extent necessary for their satisfaction.

2. A subsequent Act, making a new and distinct appropriation and expressly providing that it shall be paid out of the general fund "not otherwise appropriated," necessarily recognizes that the general fund, so far as covered by prior appropriations, has been already "otherwise appropriated," and subordinates the new appropriation to such prior ones.

3. Different questions might arise if the later Act were a deficiency bill merely increasing the amount of an appropriation already made in the general Act to meet unforeseen necessities.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Buckner, J.*

*Charles Carroll* for Plaintiffs and Appellees:

1. Warrants issued under Act 67 of 1886, for aiding the trustees of the Southern University in erecting a "building for the education of persons of color," should be paid as warrants of the second class, as provided in Act 47 of 1886. See Sec. 3, Act 47 of 1886; Sec. 3, Act 48 of 1888; Sec. 3, Act 82 of 1890.
2. The General Assembly has full power to grant certain warrants a preference over others, and it is the duty of the Treasurer to follow the directions of the law in that respect. State ex rel. Bier vs. Burke, Treasurer, 37 An. 434.
3. It appears that courts of justice are without power to recognize preferences not established by statute. Klein vs. Treasurer, 42 An. 175. Much less should the treasurer be permitted to adopt any order or classification other than that fixed by law.

*W. H. Rogers*, Attorney General, for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. The general appropriation Act, No. 47, of 1886, made appropriations for the general expenses of the State for the fiscal years from July 1, 1886, to June 30, 1887, and from July 1, 1887, to June 30, 1888, respectively.

Besides appropriations for the salaries of officers and office expenses of various departments of the government, the Act made numerous appropriations for public purposes, payable out of the general fund, amongst which were those for the support of the Louisiana State University and Agricultural and Mecanical College, of the Univerity for the Education of Persons of Color, of the Blind Asylum, of the Deaf and Dumb Asylum, of the Insane Asylum, of the Charity Hospitals in New Orleans, Shreveport and Alexandria, of the Soldiers' Home, etc.

The final section of the Act provided "that the Treasurer shall pay warrants drawn against the general fund in the following order:

" 1. Warrants issued for salaries of officers, employés, and office expenses of the various departments of the government, including assessors.

" 2. Warrants issued for the Agricultural and Mechanical College, and University for Education of Persons of Color, and State printing.

" 3. Warrants issued for miscellaneous purposes."

Subsequently, by Act 67 of 1886, the General Assembly made an additional appropriation to the University for Persons of Color of $14,000, for the purpose of aiding in the erection of a college build-

ing. By the express terms of the Act the appropriation is made " out of any funds in the State treasury not otherwise appropriated and standing to the credit of the general fund," and it was to be paid " one-half out of the revenues of 1886, and one-half out of the revenues of 1887."

The plaintiff, as holder of warrants issued under this latter Act, claims that, as warrants issued for the University for the Education of Persons of Color, they are entitled to the preference granted to such warrants under the section of the general appropriation Act above quoted.

We can discover no possible ground for such a pretension.

No one can dispute that when the general appropriation Act became a law the general fund for 1886 and 1887 was appropriated to the purposes mentioned therein to the extent necessary for their satisfaction.

When the subsequent appropriations was made by Act 67, and when the Act expressly declared that it was to be payable out of any fund standing to the credit of the general fund "not otherwise appropriated," it necessarily recognized the self-evident fact that the general fund had already been appropriated to the purposes mentioned in the prior Act and had been thus, to that extent, "otherwise appropriated."

Different questions might arise if this were a deficiency bill simply increasing the amount of an appropriation already made in the general Act, rendered necessary by unforeseen contingencies, such as was involved in Klein vs. Treasurer, 42 An. 175.

The Act 67 is not a deficiency bill. It is a new and independent appropriation to a purpose distinct from any embodied in the general Act, and this claim must look for satisfaction to the source expressly designated in the Act, to-wit: to the general fund "not otherwise appropriated" and only after satisfaction of appropriations previously made.

In acting according to this view, the Treasurer simply obeys the express mandate of the law.

It is, therefore, adjudged and decreed that the judgment appealed from be avoided and reversed; and it is now decreed that there be judgment in favor of defendant and rejecting plaintiff's demand at their cost in both courts.